

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Tom L. Hartley
Criminal District Attorney
Hidalgo County
Edinburg, Texas

Dear Mr. Hartley:

Opinion No. O-5701
Re: Validity of tax collection
transaction by the Hidalgo and
Cameron Counties Water Control
and Improvement District Number
Nine.

This office is in receipt of your request
for opinion, which is as follows:

"The State of Texas and County of Hidalgo,
through their duly constituted attorney, filed suit
against West Texas Abstract and Guaranty Company, a
Texas Corporation, to enforce the collection of delin-
quent taxes on approximately 1500 acres of land located
in Hidalgo County, Texas. The Edcouch-Elsa Independent
School District, Weslaco Independent School District,
and Hidalgo and Cameron Counties Water Control and
Improvement District Number Nine, other taxing units,
were impleaded as defendants.

"The defendant advised the State and County
that it would not be necessary for them to proceed with
their suit, because defendant would give State and County,
as Trustee for all taxing units, a warranty deed to all
this property. The State and County refused to accept
such a proposition; however, in due course of business,
Hidalgo and Cameron Counties Water Control and Improve-
ment District Number Nine finally accepted such a deed.
A copy of this deed is enclosed for your inspection.

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

452

The Commissioners Court agreed to withhold the prosecution of the tax suit on this property for a reasonable length of time. Within that time, Hidalgo and Cameron Counties Water Control and Improvement District Number Nine had secured offers from individuals to purchase all of the land involved in the tax suit and the enclosed deed. After these offers had been submitted to the Commissioners Court, the Commissioners Court and the Tax Assessor and Collector made a personal examination of the premises and were satisfied with the price that was offered for the land. They, in turn, executed a consent to the sale of the land in the same manner as is provided in Art. 7345b of the R. C. S., 1925, for the sale of lands accrued by taxing units by virtue of foreclosure in delinquent tax suits.

"Hidalgo and Cameron Counties Water Control and Improvement District Number Nine, as Trustee, executed deeds to these properties to the several purchasers; the Tax Assessor and Collector for the State, the Commissioners Court for the County accepted their pro-rata part of the purchase price of this land and used the same to pay the taxes that had accrued against the same and issued tax receipts covering this property up to and including the year 1942.

"The question now has been raised that such sales were void. The State and County had an interest in this property which it did not acquire by tax foreclosure, and hence could not sell or agree to the sale of whatever interest they had acquired in said land by virtue of the enclosed deed, nor could the Tax Assessor and Collector agree to the sale of this land for the State of Texas.

"Under Art. 1577 R. C. S. 1925; and Wallace v. City of Coleman, 30 S.W. (2) 348; 45 S. W. (2d) 198, it would seem to the writer that in order for the County to convey its interest in the land described in the enclosed deed that a special commissioner be appointed and the land sold in accordance with Art. 1577.

Honorable Tom L. Hartley, page 3

"In order to acquire the interest of the State, it would be necessary to make application to the General Land Office and proceed in the manner prescribed by statute.

"As you can see from the enclosed deed, there are a great number of pieces of land that have been sold. The purchasers of this property are very anxious to get this matter settled. We would appreciate your advising us at your earliest possible moment as to whether or not the opinion of this office in regard to this matter is correct."

Subsequent to our receipt of your said letter you have sent us a copy of the special warranty deed executed by the West Texas Abstract and Guaranty Company to said Hidalgo and Cameron Counties Water Control and Improvement District Number Nine.

It is our opinion that the transaction mentioned by you, in which the delinquent taxpayer West Texas Abstract and Guaranty Company conveyed the real property inquired about to Hidalgo and Cameron Counties Water Control and Improvement District Number Nine, was invalid and wholly unauthorized by law.

The deed in question recites in part that the said Hidalgo and Cameron Counties Water Control and Improvement District Number Nine took the land in question in its own behalf and as trustee for the State of Texas, the County of Hidalgo, the Weslaco Independent School District, and the Edcouch-Elsa Independent School District. Said purported deed of conveyance further recites that:

"The grantee herein in its own behalf of and as trustee for the other political subdivisions of the State of Texas, hereinbefore mentioned, accepts this conveyance subject to all taxes of every kind and character in favor of the State of Texas, the County of Hidalgo, and the other political subdivisions of the State of Texas hereinbefore mentioned, and all others

Honorable Tom L. Hartley, page 4

having the power to levy and assess taxes against
said property, and all irrigation charges and assess-
ments of every kind and character in favor of any
company, corporation or political subdivision having
the power to levy such charges and assessments which
have heretofore accrued against said above described
tracts of land, or either of them, to the date of
these presents, including the year 1942 and all prior
years, and the grantee herein in its own behalf and
as trustee for the other political subdivisions of
the State of Texas hereinbefore mentioned, contracts
and agrees to indemnify and save harmless the grantor
and its assigns mentioned against the payment of any
of such outstanding delinquent taxes, assessments and
charges."

It is elementary that a political subdivision
like the said Hidalgo and Cameron Counties Water Control
and Improvement District Number Nine is a creature of the
statutes, and has only such powers as are delegated to it
by the legislative enactments which authorize its being.
(See Dallas County Levee District No. 2 v. Looney, 109
Tex. 326, 332; Ogburn v. Barstow, Ward County, Texas,
Drainage District, 230 S. W. 1036, error refused; Wharton
County Drainage District v. Higbee, 149 S. W. 381, error
refused) The attempt on the part of said Hidalgo and
Cameron Counties Water Control and Improvement District
Number Nine to accept said conveyance in settlement of
its own taxes against the grantor, and the attempt of said
district to accept said conveyance as trustee for the
State of Texas, the County of Hidalgo, the Weslaco Inde-
pendent School District, and the Edcouch-Elsa Independent
School District was wholly an ultra vires act on the part
of said Hidalgo and Cameron Counties Water Control and
Improvement District Number Nine, and was invalid and wholly
unauthorized by any law, either statutory or constitutional.

Furthermore, the undertaking of said grantee
"in its own behalf and as trustee for the other political
subdivisions of the State of Texas hereinbefore mentioned,"
to "contract and agree to indemnify and save harmless the
grantor and its assigns mentioned against the payment of
any such outstanding delinquent taxes, assessments and
charges", was likewise ultra vires, without warrant of law,

Honorable Tom L. Hartley, page 5

and beyond the scope of powers of said grantee to either undertake or to perform.

Furthermore, the power to assess, levy and collect taxes, which is delegated to a taxing unit such as is said Hidalgo and Cameron Counties Water Control and Improvement District Number Nine, is the power to collect the authorized taxes; but the authorization does not empower it to accept payment of said taxes in any media other than money.

"In the absence of statutory authority to accept payment otherwise, taxes are payable in currency." (See 40 Texas Jurisprudence, Section 127, page 176)

". . . The laws for the collection, of taxes, by implication, at least, forbid a resort to other methods of collecting taxes than the statutory method. . . . The lands in this case are held by a firm lien to secure payment of taxes, and the land cannot escape, be destroyed, or be holden from the tax collector. The taxes can be collected through a judgment for the amount and a foreclosure of the lien." (From opinion by Chief Justice Fly of the San Antonio Court of Civil Appeals, in case of San Antonio's Suburban Irrigated Farms v. Bexar-Medina-Atascosa Counties Water Improvement District No. 1, 49 S. W. (2d) 511)

". . . The tax collector is vested with power to do a certain thing in a certain way; and the prescribed manner is a negation of other modes. . . ." (See Cassidy Southwestern Commission Company v. Duval County et al., 3 S. W. (2d) 416. Opinion by the Commission of Appeals)

"In the absence of statutory authority to accept payment otherwise, taxes are payable in currency." (See Bryan v. Sundberg, 5 Tex. 418; Austin v. Fox, Commission of Appeals, 1 S. W. (2d) 601, affirming 297 S. W. 341)

Honorable Tom L. Hartley, page 6

Where the Hidalgo and Cameron Counties Water Control and Improvement District Number Nine by an attempted sale of the land described in the deed in question received money from those who were purportedly purchasing the same and then applied this money to the payment of taxes assessed against this land of the delinquent taxpayer, West Texas Abstract and Guaranty Company, we think the taxes in question were in fact paid by the taxpayer so far as said money would liquidate same.

We find nothing in the statement of facts on which you request an opinion which shows that the County ever acquired any interest in the land; the County and State neither appear as a grantee in the deed. Of course, if the County ever did accept the deed to any of the land of the delinquent taxpayer in such way as to acquire legal title thereto, then in order for the County to legally sell same, it would be necessary that a commissioner be appointed to make the sale, and that the land be sold by said commissioner at a public sale in full compliance with the terms of Article 1577 of Vernon's Annotated Civil Statutes.

Said procedure would be necessary in order to divest the County of any title which it had acquired in the land, that is of course assuming the County had in fact acquired any such title.

The State of Texas, the County of Hidalgo, the Weslaco Independent School District, and the Edcouch-Elsa Independent School District are each and all free to disregard the attempted extra-legal procedure resorted to by the Hidalgo and Cameron Counties Water Control and Improvement District Number Nine for the attempted collection of taxes, and said units are all and each at liberty to proceed with a suit for the collection of same, in accordance with the provisions of Article 7345b of Vernon's Annotated Civil Statutes.

As to the situation in which those find themselves, who purchased or attempted to purchase the land in question from the Hidalgo and Cameron Counties Water Control and Improvement District Number Nine, we do not believe that we should tender any advice. That is a matter concerning private property rights of these purchasers, personal to themselves, and is not a matter on which this office should advise.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By George P. Blackburn
Assistant

GPB:AMM

